KC FILED
MAY 0 9 2007  5-9-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DOUGLAS SHARBAUGH, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) ) ) | 07CV2628<br>JUDGE GUZMAN<br>MAGISTRATE JUDGE BROWN |
| vs. | ) | |
| FIRST AMERICAN TITLE INSURANCE COMPANY, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

The Plaintiff, DOUGLAS SHARBAUGH, individually and on behalf of all others similarly situated, by and through his undersigned counsel, for his Complaint against Defendant FIRST AMERICAN TITLE COMPANY states:

### THE PARTIES

1. At all times herein mentioned, Plaintiff, DOUGLAS SHARBAUGH, was and is a citizen of the United States of America and resident of Cook County, Illinois. On June 29, 2005, Plaintiff purchased certain real property located in Cook County, Illinois, said sale including the purchase of a title insurance policy from Defendant in order to protect Plaintiff from any defect or irregularity in his title.

2. Defendant, FIRST AMERICAN TITLE INSURANCE COMPANY ("FATIC"), is a California corporation with its principal place of business also located in California. At all times relevant hereto, FATIC, through its employees, agents and assigns, engaged in the business of selling title insurance policies to buyers and sellers of real property in the State of Illinois, including Cook County, and its activities complained of herein occurred, in whole or in part, in Cook County, Illinois.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter hereto and the parties hereto pursuant to 28 U.S.C. § 1332(a)(1). Specifically, this Complaint is filed pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks damages in an amount exceeding $5,000,000.00. Moreover, this Court has jurisdiction over the subject of this action pursuant to 28 U.S.C. § 1331 as Count I of this Complaint seeks damages pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*

4. The Court has jurisdiction over Defendant as it maintains place of business in Illinois, is registered to do business in Illinois, and/or conducts substantial business within Illinois. The acts giving rise to the causes of action stated herein occurred within the State of Illinois.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) as Defendant's liability arose, in whole or in part, within this District and Defendant is a resident of this District pursuant to 28 U.S.C. § 1391(c).

## GENERAL ALLEGATIONS

6. In many real property transactions in this State, the buyer(s) and/or seller(s) of the real property conduct their business through attorneys. These attorneys provide services related to the contract for sale and follow the transaction through to its closing.

7. When these real property transactions occur, title insurance is purchased to protect the new Owner(s) and/or the Mortgagee of the property. The title insurance policies are issued through "agents" acting on behalf of, or for the benefit of, the issuing title insurance company. These agents, usually attorneys, earn fees for their services provided in association with the title insurance placement.

2

8. The agents' services with respect to the real property transaction usually include examining title search reports, generating the title commitment, performing any necessary pre-closing title clearance, and retaining liability for his or her errors (if any) in producing the final status of title, which is evidenced in the title insurance policy. These services are commonly referred to as "core title services."

9. In some real property transactions in this State, the attorney representing either the buyer(s) or seller(s) of the property also acts as the "agent" of the title insurance company, issuing the policy through a title insurance company with which he normally does business. Because of their roles as attorney for the buyer(s) and/or seller(s), these "attorney agents" invariably designate the title insurance company which issues the Owner's and Mortgage title insurance policies for their client(s).

10. Recognizing the role of the parties' attorneys in selecting the company to issue title insurance with respect to a transaction, Defendant began soliciting "attorney agents" to place title insurance with them. However, in order to gain market share, Defendant created for itself an improper advantage in soliciting "attorney agents" in that Defendant did not require its "attorney agents" to perform core title services in exchange for their fees. Thus Defendant allowed the "attorney agents" to earn fees based solely on their client(s)' choice of Defendant as their title insurer.

11. Defendant's practice of paying fees to attorneys who do not perform "core title services" results in attorney "agents" receiving compensation for nothing other than the referral of their clients to Defendant. This practice violates certain provisions of the Real Estate Settlement Procedures Act ("RESPA") and the Illinois Title Insurance Act ("ITIA"), as well as Chapter 24 of the Code of Federal Regulations and Section 8100 of the Illinois Administrative Code.

3

## CLASS ALLEGATIONS

12. Plaintiff seeks to bring this action on behalf of all people who purchased or sold real property in the State of Illinois and who paid for a title insurance policy from Defendant, any part of which policy fee or premium was then shared with an "attorney agent" in exchange for referral of the business to Defendant (the "Class").

13. Plaintiff does not intend that this Class include Defendant or any "attorney agent" who was paid any fee or share of premium, nor any officers, directors, agents, servants or employees of Defendant or any "attorney agent," and their immediate family members. Plaintiff does not intend to include in the Class any judge who may preside over this case or his or her immediate family.

14. Members of the Class are so numerous and geographically dispersed that joinder of all Class members is impracticable. While the exact number and identity of Class members cannot be ascertained by Plaintiff prior to discovery, Plaintiff believes that there are thousands of Class members, and their identity can be ascertained from Defendant's books and records.

15. There are questions of law or fact common to the Class, which common questions predominate over any questions affecting only individual members of the Class.

16. Plaintiff's claim for relief herein is typical of the claims of other class members. Specifically, Plaintiff, like other class members, seeks relief in the form of a refund of all amounts paid to Defendant which were subsequently transferred to an "attorney agent" who did not perform "core title services" so as to justify receipt of such amounts.

17. Plaintiff is a member of the Class and will fairly and adequately assert and protect the interests of the Class. Plaintiff's interests are coincident with, and not antagonistic to, those of other members of the Class, and Plaintiff is represented by counsel experienced in class action litigation and competent to pursue this action on behalf of the class.

4

18. This action is maintainable as a class action because:

   a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class; and/or adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interest.

   b. Defendant's actions, as complained of herein, are generally applicable to the class such that relief with respect to the class as a whole is appropriate; and/or

   c. Questions of law or fact common to the class predominate over any questions affecting only individual members such that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

19. Individual litigation of all claims, which might be brought by all Class members, would produce a multiplicity of cases so that the judicial system would be congested for years. Class treatment, by contrast, provides manageable judicial treatment calculated to bring a rapid conclusion to the litigation of all claims arising from the conduct of the defendant.

## COUNT I
## (RESPA)

The Plaintiff, Douglas Sharbaugh, individually and on behalf of all others similarly situated, for Count I of his Complaint states:

20. Plaintiff restates, realleges, and incorporates by reference all of the allegations contained in paragraphs 1 through 19 above as if fully set forth in this Count I.

21. This Count is brought pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 1601, *et seq.*

5

22. At all times relevant hereto, Plaintiff, Class members and Defendant were persons within the meaning of 12 U.S.C. § 2602(5).

23. At all times relevant hereto, Defendant was a title company within the meaning of 12 U.S.C. § 2601(4).

24. RESPA prohibits kickbacks and unearned fees and provides to Plaintiffs and Class members a private cause of action, including treble damages, attorneys fees and costs. 12 U.S.C. § 2607.

25. Defendant individually and/or jointly, by and through its employees, agents and/or assigns, violated RESPA Section 2607, as set forth in paragraphs 6 through 11 above. Specifically, Defendant:

   a. Paid to referring attorneys part of the premiums paid for title insurance in exchange for such referral of business, in violation of 12 U.S.C. 2607 and 24 CFR 3500.14(b) and (c);

   b. Failed to disclose to Plaintiff and Class members that a portion of the title insurance premiums were being provided to the referring attorneys in exchange for such referral of business to Defendant, in violation of 12 U.S.C. 2603 and relevant federal regulations;

   c. Failed to provide Plaintiff and Class members with timely notice of the actual fees and premiums to be charged so as to allow Plaintiff and Class members to search for alternative, less costly title insurance providers, in violation of 12 U.S.C. 2603 and relevant federal regulations.

26. As a direct and proximate result of Defendant's RESPA violations, as alleged above, Plaintiff and Class members have suffered damages in the amount of the illegal "kickbacks" or "referral fees" paid by Defendant to attorneys and/or other agents/brokers

("referring parties") representing Plaintiffs in real property transactions in exchange for the referral of Plaintiffs and Class members to Defendant and for which core title work was not conducted by the referring parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class members pray that the Court enter judgment in their favor and against Defendant as follows:

   a. Ordering that this action be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

   b. Awarding Plaintiffs and members of the Class compensatory damages in an amount equal to three times the amount of all illegal "kickbacks" or "referral fees" referenced above, costs of suit and attorneys' fees, as well as any and all other relief available pursuant to 12 U.S.C. § 2607.

   c. Granting Plaintiffs and the Class injunctive relief requiring that Defendant cease and desist from further violating RESPA as alleged herein.

## COUNT II
### (Illinois Title Insurance Act)

The Plaintiff, DOUGLAS SHARBAUGH, individually and on behalf of all others similarly situated, for Count II of his Complaint states:

27. Plaintiff restates, realleges, and incorporates by reference all of the allegations contained in paragraphs 1 through 26 above as if fully set forth in this Count I.

28. This Count is brought pursuant to the Illinois Title Insurance Act ("ITIA"), 215 ILCS 155/1, *et seq.*

29. At all times relevant hereto, Plaintiff, Class members and Defendant were persons within the meaning of 215 ILCS 155/25(a).

7

30. At all times relevant hereto, Defendant was a title insurance company and/or title insurance agent within the meaning of 215 ILCS 155/25(b).

31. The Illinois Title Insurance Act, 215 ILCS 155/1 et seq., provides in pertinent part:

> § 21. (a) The Director may refuse to grant, and may suspend or revoke, any certificate of authority, registration or license issued pursuant to this Act if he determines that the holder of or applicant for such certificate, registration or license:
> (1) has intentionally made a material misstatement or fraudulent misrepresentation in relation to a matter covered by this Act; ...
> (5) has paid any commissions, discount or any part of its premiums, fees or other charges to any person in violation of any State of federal law or regulations or opinion letters issued under the federal Real Estate Settlement Procedures Act of 1974.
>
> § 25. (a) Any person or persons who violate the prohibitions or limitations of subsection (a) of Section 21 of this Act shall be liable to the person or persons charged for the settlement service involved in the violation for actual damages.
> (b) Any title insurance company or a title insurance agent who violated the prohibitions or limitations of subsection (a) of Section 21 of this Act shall be subject to injunctive relief. If a permanent injunction is granted, the court may award actual damages. Reasonable attorney's fees and costs may be awarded to the prevailing party.

32. Defendant individually and/or jointly, by and through its employees, agents and/or assigns, violated Sections 21(a)(1) and 21(a)(5) of the Illinois Title Insurance Act, as set forth in paragraphs 9 through 14 above. Specifically, Defendant:

   a. Paid to referring attorneys part of the premiums paid for title insurance in exchange for such referral of business, in violation of 255 ILCS 155/21(a)(5) and ILL. ADMIN. CODE title 50, § 8100.2402

   b. Failed to disclose to Plaintiff and Class members that a portion of the title insurance premiums were being provided to the referring attorneys in exchange for such referral of business to Defendant, in violation of 255 ILCS 155/21(a)(1) and relevant state regulations;

8

    c. Failed to provide Plaintiff and Class members with timely notice of the actual fees and premiums to be charged so as to allow Plaintiff and Class members to search for alternative, less costly title insurance providers, in violation of 255 ILCS 21(a)(1) and relevant state regulations.

33. As a direct and proximate result of Defendant's violations of the Illinois Title Insurance Act, as alleged above, Plaintiff and Class members have suffered damages in the amount of the illegal "kickbacks" or "referral fees" paid by Defendant to attorneys and/or other agents/brokers ("referring parties") representing Plaintiffs in real property transactions in exchange for the referral of Plaintiffs and Class members to Defendant and for which core title work was not conducted by the referring parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class members pray that the Court enter judgment in their favor and against Defendant as follows:

    a. Ordering that this action be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

    b. Awarding Plaintiffs and members of the Class compensatory damages, costs of suit and attorneys' fees, as well as all other relief available pursuant to 215 ILCS 155/25.

    c. Granting Plaintiffs and the Class injunctive relief requiring that Defendant cease and desist from further violating the Illinois Title Insurance Act as alleged herein.

## COUNT III
### (Illinois Consumer Fraud Act)

The Plaintiff, DOUGLAS SHARBAUGH, individually and on behalf of all others similarly situated, for Count III of his Complaint states:

34. Plaintiff restates, realleges, and incorporates by reference all of the allegations contained in paragraphs 1 through 33 above as if fully set forth in this Count III.

35. This Count is brought pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*

36. At all times relevant hereto, Plaintiff, Class members and Defendant were persons within the meaning of 815 ILCS 505/1(c)).

37. At all times relevant hereto, Plaintiff and all Class members were consumers within the meaning of 815 ILCS 505/1(e).

38. At all times material hereto, Defendant conducted trade and commerce within the meaning of 815 ILCS 505/1(f).

39. The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, provides in pertinent part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression, or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practices described in Section 2 of the 'Uniform Deceptive Trade Practices Act', approved August 6, 1965, in conduct of any trade or commerce are hereby declared unlawful, whether any person has in fact been mislead, deceived, or damaged thereby.

40. Beginning the first date that Defendant sold title insurance and continuing through the present, Defendant individually and/or jointly, by and through its employees, agents and/or assigns, engaged in misrepresentations, unlawful schemes and courses of conduct that induced

10

the Plaintiff, and others like him, to purchase title insurance policies issued by Defendant through one or more of the following unfair and/or deceptive acts and/or practices:

    a. Paid to referring attorneys part of the premiums paid for title insurance in exchange for said referral of clients to Defendant;

    b. Failed to disclose to Plaintiff and Class members that a portion of the title insurance premiums were being provided to the referring attorneys in exchange for referral of said Plaintiff or Class Member to Defendant;

    c. Charged premiums and related charges for title insurance in excess of the fair market value of such insurance in order to generate funds as to allow the payment of referral fees to the attorney "agents"; and/or

    d. Failed to provide Plaintiff and Class members with timely notice of the actual fees and premiums to be charged so as to allow Plaintiffs and Class members to search for alternative, less costly title insurance providers.

    41. The facts which Defendant misrepresented and/or concealed, as alleged in the preceding paragraphs, were material to Plaintiff's and Class members' decisions about whether to purchase title insurance from Defendant in that Plaintiff and Class members would not have purchased title insurance from Defendant but for Defendant' unfair and/or deceptive acts and/or practices.

    42. The misrepresentations, deception and/or unfair conduct alleged in this Complaint occurred in connection with Defendant's conduct of trade and commerce in the State of Illinois.

    43. Defendant intended for Plaintiff and Class members to purchase title insurance policies in reliance upon Defendant's unfair and/or deceptive acts and/or practices, and Defendant's unfair and/or deceptive acts and/or practices were committed with willful and wanton disregard for the rights of the Plaintiffs.

44. Defendant's unfair and/or deceptive acts and/or practices violated RESPA, ITIA and state and federal regulations, thus constituting violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/2, and the Uniform Deceptive Trade Practices Act, 815 ILCS §510/2.

45. As a direct and proximate result of Defendant's unfair and/or deceptive acts and/or practices, Plaintiff and Class members did not receive the benefit of their bargain with Defendant in that Plaintiff and Class members paid an amount in excess of the fair market value for the title insurance policies purchased from Defendant.

46. As a direct and proximate result of Defendant's violations of the Illinois Consumer Fraud Act, as alleged above, Plaintiff and Class members have suffered damages in the amount of the illegal "kickbacks" or "referral fees" paid by Defendant to attorneys and/or other agents/brokers ("referring parties") representing Plaintiff and Class members in real property transactions in exchange for the referral of Plaintiffs and Class members to Defendant and for which no core title work was conducted by the referring parties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Class members pray that the Court enter judgment in their favor and against Defendant as follows:

    a. Ordering that this action be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

    b. Awarding Plaintiffs and members of the Class compensatory damages, costs of suit and attorneys' fees, as well as any other relief the Court deems just and proper.

## COUNT IV
### (Unjust Enrichment)

The Plaintiff, DOUGLAS SHARBAUGH, individually and on behalf of all others similarly situated, for Count IV of his Complaint states:

47. Plaintiff restates, realleges, and incorporates by reference all of the allegations contained in paragraphs 1 through 19 as if fully set out herein, and herein pleads this Count IV in the alternative to Counts I through III.

48. As stated with more particularity above, Defendant embarked on and carried out a scheme of illegally paying fees or shares of title insurance premiums to "attorney agents" in exchange for referral of business to Defendant, thus artificially promoting Defendant's products and increasing the price of title insurance policies issued by Defendant.

49. Defendant's practices resulted in Plaintiff and members of the Class paying more than the fair market value for title insurance purchased.

50. The monies paid by Plaintiff and the Class Members for title insurance conferred substantial benefits upon Defendant. Defendant knew of and appreciated the benefits conferred upon it by Plaintiff and the Class Members and accepted and retained these benefits, which, in justice and fairness, should be refunded and paid over to Plaintiffs and the Class Members in an amount to be proven at trial but less than $75,000 per plaintiff or class member, including prejudgment interest.

WHEREFORE, Plaintiff and class members pray that the Court enter judgment in their favor and against Defendant as follows:

    a.    Ordering that this action be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

b. Awarding Plaintiffs and members of the Class compensatory damages, costs of suit and attorneys' fees, as well as any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff, DOUGLAS SHARBAUGH, hereby demands a trial by jury.

DOUGLAS SHARBAUGH, individually and on Behalf of all others similarly situated,
Plaintiff

By: _____
One of Plaintiff's Attorneys

MYRON M. CHERRY
DANIEL J. BECKA
JACIE ZOLNA
MYRON M. CHERRY & ASSOCIATES, LLC
30 North LaSalle Street, Suite 2300
Chicago, Illinois 60602
Telephone: 312.372.2100
Facsimile: 312.853.0279

GEORGE A. ZELCS
KOREIN TILLERY LLC
205 North Michigan Plaza
Suite 1950
Chicago, Illinois 60601
Telephone: 312.641.9760
Facsimile: 312.641.9751

STEPHEN M. TILLERY
DONALD M. FLACK
KOREIN TILLERY LLC
10 Executive Woods Court
Belleville, Illinois 62226-2030
Telephone: 618.277.1180
Facsimile: 314.241.3525

*Attorneys for Plaintiffs*