IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS SHARBAUGH, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) 07 C 2628 ) |
| v. | ) Judge Ronald A. Guzmán ) |
| FIRST AMERICAN TITLE INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Douglas Sharbaugh has sued First American Title Insurance Company ("First American") for its alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, the Illinois Title Insurance Act, 215 Ill. Comp. Stat. 155/1, *et seq.*, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1, *et seq.*, and for unjust enrichment. Defendant has filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 12(c) for judgment on the pleadings on the RESPA and unjust enrichment claims asserted in Counts I and IV. For the reasons set forth below, the Court grants in part and denies in part the motion.

### Facts

On June 29, 2005, plaintiff purchased real property located in Cook County, Illinois. (Compl. ¶ 1.) He also purchased a title insurance policy from defendant to protect himself from any defects in title. (*Id.*)

Title insurance policies are issued through agents acting on behalf of the title insurance company. (*Id.* ¶¶ 6-7.) These agents, usually attorneys, earn fees for the services they provide in association with the title insurance placement. (*Id.*) These services generally include examining title search reports, generating the title commitment, performing any necessary pre-closing title clearance, and retaining liability for any errors in the title evidenced in the policy. (*Id.* ¶ 8.)

In some real property transactions, the attorney representing one of the parties designates the title insurance company that issues the policy for his client. (*Id.* ¶ 9.) Plaintiff alleges that defendant began soliciting such attorneys to act as its agents ("attorney agents") to place title insurance with them. (*Id.* ¶ 10.) However, plaintiff claims, defendant did not require its attorney agents to perform any services in exchange for their fees. (*Id.*) Instead, defendant compensated them simply for referring their clients to defendant for title insurance, a practice that plaintiff claims violates RESPA and a number of state statutes. (*Id.* ¶¶ 10-11.) In the alternative, plaintiff says that these practices unjustly enrich defendant. (*Id.* ¶¶ 49-50.)

## Legal Standard

"A motion for judgment on the pleadings under [Rule] 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Kolle v. SGB Corp.*, No. 01 C 5708, 2002 WL 31133183, at *1 (N.D. Ill. Sept. 24, 2002). Thus, "a complaint attacked by a Rule 12[(c)] motion . . . does not need detailed factual allegations," but plaintiff must make sufficient "[f]actual allegations . . . to raise [his] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted).

## Discussion

Among other things, RESPA prohibits "kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services" performed in connection with federally-regulated mortgage loans. *Id.* § 2601(b)(2). Plaintiff alleges that First American violated RESPA by paying part of the premiums to attorneys who referred their clients to it for title insurance. (Compl. ¶¶ 25-26.) Defendant argues that Count I fails to state a viable claim because plaintiff does not allege that his loan was a federally regulated mortgage loan as required by the statute.

RESPA defines as a federally regulated mortgage loan any loan that "is made in whole or in part by any lender which is regulated by an agency of the Federal Government." 12 U.S.C. § 2602(1)(B)(i). Plaintiff does not allege that his mortgage loan is federally regulated. However, in response to defendant's motion, he submitted the HUD-1 settlement statement for his loan, which states that the lender was Countrywide Full Spectrum Lending ("Countrywide"), and the 2006 10-K Form that Countrywide filed with the Securities and Exchange Commission, which says that its mortgage business is regulated by federal agencies. (*See* Pl.'s Resp. Opp'n Def.'s Mot. Partial J. Pleadings, Ex. A, HUD-1 Settlement Statement at 1; *id.*, Ex. C, Countrywide 10-K Form at 23.) The statements in the Form 10-K about the federal regulation of Countrywide's mortgage business, which defendant does not dispute, are subject to judicial notice. *See Hernandez v. Midland Credit Mgmt., Inc.*, No. 04 C 7844, 2006 WL 695451, at *3-4 (N.D. Ill. Mar. 14, 2006) (noting that a court can take judicial notice of portions of SEC filings that are not contested). But the contents of the HUD-1 settlement statement are not. *See* Fed. R. Evid. 201(b) (stating that a court may take judicial notice of facts only if they are "not subject to reasonable dispute" because they are "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). Because there is no basis for the Court to infer that Countrywide was

3

indeed the lender in this case, plaintiff has not alleged that his mortgage loan is federally-regulated within the meaning of RESPA. Defendant's motion for judgment on the pleadings as to Count I is, therefore, granted.

In Count IV of the complaint, plaintiff alleges that defendant was unjustly enriched by its scheme of paying shares of title insurance premiums to attorney agents in exchange for their referral of business to defendant. (*Id.* ¶¶ 48-50.) Defendant says this claim is defective because (1) the parties' relationship is governed by a contract, (2) plaintiff has adequate remedies at law, and (3) the complaint does not adequately allege that First American was unjustly enriched.

It is true, as defendant argues, that a claim for unjust enrichment will not lie if the parties' conduct is governed by a contract or plaintiff has an adequate remedy at law. *See Guinn v. Hoskins Chevrolet*, 836 N.E.2d 681, 704 (Ill. App. Ct. 2005). The Federal Rules of Civil Procedure, however, permit plaintiff to plead claims in the alternative. *See* Fed. R. Civ. P. 8(a) ("Relief in the alternative or of several different types may be demanded."). Thus, plaintiff may plead an alternative claim for unjust enrichment, even if he alleges in other counts that the parties have a contract or he has an adequate remedy at law.

Plaintiff has also adequately alleged that First American was unjustly enriched. To plead such a claim, plaintiff must "allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of that benefit violates fundamental principles of justice, equity, and good conscience." *Firemen's Annuity & Benefit Fund of City of Chi. v. Mun. Employees', Officers', & Officials' Annuity & Benefit Fund of Chi.*, 579 N.E.2d 1003, 1007 (Ill. App. Ct. 1991). Plaintiff alleges that he paid more than fair market value for the title insurance he purchased because of defendant's improper solicitation of attorney agents. (Compl. ¶¶ 48-50.)

4

Those allegations sufficiently state an unjust enrichment claim. Accordingly, defendant's motion for judgment on the pleadings on Count IV is denied.

## Conclusion

For the reasons set forth above, defendant's Rule 12(c) motion for partial judgment on the pleadings [doc. no. 21] is granted in part and denied in part. The motion is granted as to the RESPA claim in Count I, which is dismissed without prejudice, but is otherwise denied. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend Count I.

**SO ORDERED.**  **ENTERED:**

11/2/07

*/s/ Ronald A. Guzman*
**RONALD A GUZMAN**
**United States District Judge**

5