**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANICE M. HOWLAND, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 2628 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| FIRST AMERICAN TITLE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has sued defendant for its alleged breaches of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, its Illinois counterpart, the Illinois Title Insurance Act ("ITIA"), 215 Ill. Comp. Stat. 155/21, and other state laws. The case is before the Court on plaintiff's second motion pursuant to Federal Rule of Civil Procedure ("Rule") 23 for class certification. For the reasons set forth in this Order, the Court denies the motion.

**Discussion**

RESPA and ITIA prohibit title insurance companies from paying referral fees to attorneys, but allows them to pay attorneys for title agent or other services they perform on the companies' behalf. *See* 12 U.S.C. § 2607(c) ("Nothing in this section shall be construed as prohibiting . . . the payment of a fee (A) to attorneys at law for services actually rendered or (B) by a title company to its duly appointed agent for services actually performed in the issuance of a policy of title insurance . . . ."); 24 C.F.R. § 3500.14(g)(3) (stating that an attorney is a duly appointed title agent only if he "perform[s] core title agent services (for which liability arises) separate from attorney services, including the evaluation of the title search to determine the insurability of the title, the clearance of

underwriting objections, the actual issuance of the policy or policies on behalf of the title insurance company, and, where customary, issuance of the title commitment, and the conducting of the title search and closing."); 215 Ill. Comp. Stat. 155/21(a)(5) (prohibiting title insurers from pa[ying] any . . . fees . . . to any person in violation of any State or federal law or regulations or opinion letters issued under [RESPA]"). Plaintiff contends that defendant violates these statutes by designating attorneys as its agents and characterizing the referral fees it pays them as fees for title agent services rendered.

Initially, plaintiff asked the Court to certify a class of all people who paid defendant for title insurance and whose premium defendant shared with an attorney who had not performed core title agent services. (*See* Am. Compl. ¶ 16.) Under that definition, defendant's liability would depend on: (1) whether each attorney-agent performed core title agent services in connection with each class member's real estate transaction; and, if not, (2) whether each attorney-agent performed any other services for defendant in connection with each transaction; and, if so, (3) whether the fee defendant paid to the attorney-agent for those services was commensurate with the work performed. Because liability could only be determined by examining each transaction individually, the Court denied plaintiff's first motion for class certification. (Minute Order of 4/4/08); *see* Fed. R. Civ. P. Rule 23(b)(3) (stating that class can be certified only if questions of law or fact common to the class predominate over questions that affect only individual class members and a class action is a superior method of adjudicating the dispute).

Plaintiff now asks the Court to certify a class of:

All persons who bought, sold or mortgaged residential real property involving a federally related mortgage loan within the State of Illinois and who paid for title insurance from [defendant] from January 1, 1998 to September 1, 2005, where:

> (A) the Search Summary Sheet returned by the attorney-agent to [defendant] made no changes or additions to the information transmitted by [defendant] to the attorney-agent; and
>
> (B) [defendant] paid the attorney-agent involved in the transaction the full amount of compensation called for under the agency agreement or contract with such attorney-agent.

(Second Mot. Class Cert. at 2.) Plaintiff argues that this definition, coupled with the contract defendant requires its attorney-agents to sign, eliminates the transaction-specific inquiries that defeated her first motion.

One of the assumptions underlying plaintiff's argument is that defendant's contract unambiguously authorizes its attorney-agents to perform only core title agent services. If that is true, an issue the Court does not decide, all transactions in which an attorney-agent performed non-title agent services would be excluded from the class. Thus, there would be no need to determine what non-core services were performed or the reasonable value of those services, two of the three transaction-specific inquiries identified above.

Plaintiff argues that the amended definition obviates the first inquiry as well because it limits the class to transactions in which the attorney-agent did not alter the search summary sheet – a document containing title information that defendant compiles and gives to its attorney-agents. That is true only if an unaltered search summary sheet conclusively proves that no core title agent services were performed.

However, plaintiff offers no authority for that proposition, and the Court has found none. RESPA and its implementing regulations do not dictate how, or even whether, the performance of core title agent services is to be documented. *See* 24 C.F.R. § 3500.14(g)(3). Defendant's attorney-agent contract is also silent on these subjects. And, though plaintiff's expert asserts that changes in the search summary sheet are the sine qua non of core title agent services, he does not identify

an industry regulation, standard or custom that requires title agents to document their work on those, or any other, forms. (*See* Pl.'s Mem. Supp. Second Mot. Class Certification, Ex. W, Second Aff. Michael Rooney at 3-4.) Unless defendant's attorney-agents are compelled by contract, law or custom to record their title work on search summary sheets, and there is no evidence that they are, their failure to do so is not proof that they did not perform core title agent services. An attorney who does the requisite core title work but concludes that no changes need to be made to the search summary sheet will likely return a search summary sheet with no changes or additions to the original information therein. Thus, the return of an unchanged search summary sheet is not proof that core title agent services have not been performed. For these reasons, liability cannot accurately be predicated on the content of the returned search summary sheets alone. Because plaintiff's amended class definition does not eliminate the need to determine liability on a case-by-case basis, it does not make this suit a candidate for class treatment.

## Conclusion

For the reasons set forth above, the Court denies plaintiff's second motion for class certification [doc. no. 94] and motion for oral argument [doc. no. 96].

**SO ORDERED.**                 **ENTERED:**

**July 20, 2009**

**HON. RONALD A. GUZMAN**
**United States District Judge**